FILED: MARCH 25, 2009
09CV1862
JUDGE SHADUR
MAGISTRATE JUDGE COLE
AO

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NEUMA, INC., GORDON J. SCHWARTZ and HARRY J. STEINDLER, as Trustees, and NORMAN D. TUCKER and SAMI J. TUCKER,<br><br>Defendants. | Case No.<br><br>Judge |

## COMPLAINT FOR INTERPLEADER RELIEF

Plaintiff/Stakeholder American General Life Insurance Company, by its undersigned counsel, for its Complaint for Interpleader Relief pursuant to 28 U.S.C. §1335 against Defendants/Claimants Neuma, Inc, Gordon J. Swartz and Harry J. Steindler, Norman D. Tucker and Sami J. Tucker (collectively "Claimants"), states as follows:

### PARTIES

1. Plaintiff/Stakeholder American General Life Insurance Company ("American General") is an insurance company incorporated under the laws of Texas with its principal place of business in Houston, Texas.

2. Defendant/Claimant Neuma, Inc. is an Illinois corporation with its principal place of business in Skokie, Illinois.

3. Defendant/Claimant Gordon J. Schwartz is the manager of Neuma, Inc. and a designated trustee for Trust No. 6693 Dated February 28, 2006 and is a citizen of the State of Illinois, residing 1344 Rosewood Avenue, Deerfield, IL 60015.

4. Defendant/Claimant Harry A. Steindler is a designated trustee for Trust No. 6693

1

561462.1

Dated February 28, 2006 and is a citizen of the State of Illinois, residing at 460 Castlewood Lane, Deerfield, Illinois 60015.

5.  Defendant/Claimant Norman D. Tucker is the son of Bettie Jo Tucker ("Decedent or Ms. Tucker") and a citizen of the State of Oregon, residing at 3529 Lavina Dr., Forest Grove, Oregon 97116.

6.  Defendant/Claimant Sami J. Tucker is the Decedent's daughter and a citizen of the State of Oregon, residing at 4106 Buck Brush Lane, Lake Oswego, Oregon 97035.

## JURISDICTION AND VENUE

7.  This is an action for interpleader pursuant to Federal Rule of Civil Procedure 22. This Court has jurisdiction over the subject matter of this interpleader action under 28 U.S.C. § 1335, because there is diversity of citizenship among adverse claimants within the meaning of 28 U.S.C. § 1332 and because the amount of the proceeds at issue exceeds $75,000.00.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 and § 1397 because a substantial part of the events or omissions giving rise to the claim set forth herein occurred in this jurisdiction and because one of the claimants resides in this jurisdiction.

## FACTUAL BACKGROUND

9.  On January 27, 2004, American General issued an Adjustable Life Insurance Policy with Flexible Premiums, Death Benefits, and Cash Value, Policy No. UM0007119L ("Policy") on the life of Bettie Jo Tucker, the Decedent to the Bettie Tucker Trust dated November 1, 2003. A true and correct copy of the Policy is attached hereto as **Exhibit A.**

10. The death benefit available on the Policy is $500,000.00 ("Proceeds").

11. On March 8, 2006, a change of ownership and change of beneficiary, designating Neuma, Inc. as the new owner and Gordon J. Schwartz or Henry A. Stein, Trustees of Trust No.

Case: 1:09-cv-01862 Document #: 1 Filed: 03/25/09 Page 3 of 5 PageID #:3

6693 as the primary beneficiaries on the Policy were executed. A true and correct copy of the change of ownership form and beneficiary designation form are attached hereto as **Exhibit B**.

12. On October 20, 2008, Ms. Tucker died of presumed acute myocardial infarction, aspiration, and pneumonia. A true and correct copy of the death certificate is attached hereto as **Exhibit C**.

13. Under the terms of the Policy, and on account of the death of Bettie Jo Tucker whose life was insured under the Policy, American General became obligated to pay the death benefit due under the Policy in the total amount of the Proceeds to the designated beneficiary.

14. American General was notified of the Decedent's death on November 4, 2008.

15. American General's records indicate that the beneficiary designation for the Policy is "Trust #6693 dated 2/28/06."

16. On November 13, 2008, American General received completed claim forms from Sami J. Tucker and Norman D. Tucker. True and correct copies of the children's life claim information forms are attached hereto as **Exhibit D**.

17. On December 30, 2008, American General received a letter and completed claim form from Neuma, Inc. A true and correct copy of Neuma, Inc.'s letter and claim submission is attached hereto as **Exhibit E.**

18. Furthermore, the December 30, 2008 letter from Neuma, Inc. indicates that the beneficiary trust, "Trust #6693 dated 2/28/06", was never created and requests that American General pay the proceeds to "SLS F Escrow Services LLC." *See, Exhibit E.*

### BASIS FOR INTERPLEADER RELIEF

19. American General is willing to pay the Proceeds due and owing on account of the death of the insured Bettie Jo Tucker, and pursuant to the provisions of the Policy and applicable

3

561462.1

law. However, because there are multiple actual rival, adverse and conflicting claims to the Proceeds under the Policy, in that Neuma, Inc. and Sami J. Tucker and Norman D. Tucker have both made claims to the Proceeds, and because the designated beneficiary trust was not formally created, American General cannot safely do so.

20. As such, given the conflicting claims and the outstanding issue as to the designated beneficiary, American General has been unable to discharge its admitted liability without exposing itself to multiple liability, multiple litigation or both.

21. American General should not be compelled to become involved in the disputes or contentions of the Claimants, and the Claimants should be ordered to litigate among themselves without further involving American General.

22. American General has filed this Complaint for Interpleader Relief of its own free will to avoid multiple liability, multiple litigation, or both.

### RELIEF SOUGHT

WHEREFORE, Plaintiff/Stakeholder American General Life Insurance Company asks for the following relief:

    a.    That Defendants/Claimants be enjoined from instituting or prosecuting against American General Life Insurance Company in a proceeding in any state or federal court or administrative tribunal affecting the life insurance proceeds due under the Policy and on account of the death of Bettie Jo Tucker, and that said injunction issue without bond or surety;

    b.    That Defendants/Claimants, and each of them, be required to make full and complete answer to the Complaint for Interpleader Relief and to set forth to which of them the insurance proceeds, or any part thereof, rightfully belong and how they make their claims thereto;

    c.    That this Court determine and declare the rights of Defendants/Claimants, and each of them, to the disputed portion of the life insurance proceeds due and owing under the Policy;

561462.1

    d.    That the Court discharge American General Life Insurance Company of and from any and all liability for any insurance benefits payable on account of the death of Bettie Jo Tucker

    e.    That this Court excuse American General Life Insurance Company from further attendance upon this cause and dismiss American General Life Insurance Company from this case with prejudice;

    f.    That this Court grant American General Life Insurance Company such other and further relief as this Court deems just and equitable including its attorneys' fees incurred in filing and prosecuting this Complaint for Interpleader Relief, said sum to be deducted from the amount due and owing under the Policy.

DATED: March 25, 2009

                                    AMERICAN GENERAL LIFE INSURANCE COMPANY

                                    /s/*Deborah A. Ostvig*
                                    One of their attorneys

Rebecca M. Rothmann
Deborah A. Ostvig
Wilson, Elser, Moskowitz, Edelman
 & Dicker
120 N. LaSalle Street
Suite 2600
Chicago, IL 60602
(312) 704-0550

5

561462.1